## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANTOINE CHAPPELL,

      Plaintiff,

                              Case No. 06-CV-10760
                              Criminal Case No. 94-CR-80792
v.                              HONORABLE DENISE PAGE HOOD

UNITED STATES OF AMERICA,

      Defendant.

_____/

## ORDER RE: MOTION UNDER 28 U.S.C. § 2255
## TO VACATE, SET ASIDE, OR CORRECT SENTENCE

      Defendant Antoine Chappell was found guilty by jury verdict of possessing cocaine base with the intent to distribute in violation of 18 U.S.C. § 841(a) on November 8, 1994. He was sentenced to a term of 260 months imprisonment on March 22, 1995. Judgment of sentence was entered on April 13, 1995. Petitioner appealed to the Sixth Circuit Court of Appeals. The Sixth Circuit affirmed this Court's finding on April 26, 1996. Petitioner sought certiorari from the United States Supreme Court. Certiorari was denied on December 3, 1996. Petitioner has filed the instant Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. A Response was filed by the Government.

      Motions brought under 28 U.S.C. § 2255 must present a challenge to the constitutionality of the sentence: whether the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or some other collateral attack to the sentence. *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991). "To warrant relief under section 2255,

a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Petitioner Chappell seeks relief, a reduction in his sentence, due to the outcome of the *Booker* case because the trial judge made a determination of fact as to the quantity of cocaine base involved in the crime by a preponderance of the evidence as opposed to the jury making the determination beyond a reasonable doubt. Chappell argues that his sentencing guidelines would have been lower if the trial judge had not made that determination of fact.

In response, the Government claims that the Supreme Court in *United States v. Booker*, 125 S. Ct. 738 (2005), explicitly provided that its holding was to be applied "to all cases on direct review" and that the holding did not extend to petitions seeking post-conviction relief. *Id*. at 769. The Government further claims that the Sixth Circuit has held that *Booker* is not retroactive to cases on post-conviction review.

In *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit was faced with a petition brought under 18 U.S.C. § 2255. The court concluded that *Booker* does not apply retroactively to collateral proceedings. The United States Supreme Court declined to grant certiorari to the Sixth Circuit's denial of Petitioner's appeal on December 3, 1996. Petitioner did nothing until May of 2001. Most recently, Petitioner filed the instant 2255 motion on February 21, 2006. Because the Sixth Circuit held that *Booker* does not apply to collateral proceedings prior to January 12, 2005, the date the Supreme Court decided *Booker*, the rule does not apply to Chappell's 2255 motion to vacate, set aside or correct his sentence. *Humphress*, 398 F.3d 855 (6th Cir. 2005). Other than the *Booker* claim, Chappell does not allege that the sentence imposed violated the Constitution,

2

that the Court did not have jurisdiction over the imposition of the sentence, or the sentence was in excess of the maximum authorized by law.

Accordingly,

IT IS ORDERED that the Petition to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Case No. 06-10760, Docket No. 1, Filed February 21, 2006 and Case No. 94-80792, Docket No. 69, Filed February 21, 2006]** is DENIED.

IT IS FURTHER ORDERED that Civil Case No. 06-CV-10760 is DISMISSED WITH PREJUDICE.


 /s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge


DATED: May 3, 2006


I hereby certify that a copy of the foregoing document was served upon counsel of record on May 3, 2006, by electronic and/or ordinary mail.


s/William F. Lewis
Case Manager

3